**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL MCDEVITT,<br><br>Plaintiff,<br><br>v.<br><br>THE EXONE COMPANY, JOHN F. HARTNER, S. KENT ROCKWELL, PAUL A. CAMUTI, JOHN IRVIN, GREGORY F. PASHKE, WILLIAM F. STROME, ROGER W. THILTGEN, and BONNIE K. WACHTEL,<br><br>Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Michael McDevitt ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against The ExOne Company ("ExOne" or the "Company") and ExOne's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, arising out of the Board's attempt to sell the Company to Desktop Metal, Inc. through its wholly-owned subsidiaries Texas Merger Sub I, Inc. and Texas Merger Sub II, LLC (collectively "Desktop Metal").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading registration statement (the "S-4") to be filed with the Securities and Exchange Commission ("SEC") on September 15, 2021. The S-4 recommends that ExOne stockholders vote in favor of a proposed transaction (the "Proposed Transaction")

1

whereby ExOne is acquired by Desktop Metal. The Proposed Transaction was first disclosed on August 11, 2021, when ExOne and Desktop Metal announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Desktop Metal will acquire all of the outstanding shares of common stock of ExOne for $192 million in cash and $383 million in shares of Desktop Metal common stock (the "Merger Consideration"). The deal is valued at approximately $575 million and is expected to close in the fourth quarter of 2021.

3.   The S-4 is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the S-4 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by ExOne management, as well as the financial analyses conducted by Stifel Nicolaus & Company, Incorporated ("Stifel"), ExOne's financial advisor.

4.   For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the S-4 with the SEC or otherwise causing an amendment to the S-4 to be disseminated to ExOne's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to ExOne's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.   Plaintiff is, and has been at all relevant times, the owner of shares of common stock of ExOne.

6.   Defendant ExOne is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 127 Industry

Boulevard, North Huntingdon, Pennsylvania 15642. ExOne common stock trades on NASDAQ under the ticker symbol "XONE."

7. Defendant John F. Hartner has been CEO of the Company since May 2019 and a director of the Company since May 2020.

8. Defendant S. Kent Rockwell has been a director of the Company and Chairman of the Board since 2013. Defendant Rockwell served as CEO of ExOne from 2013 to 2016, Executive Chairman from 2016 to 2018, and CEO from 2018 to 2019. Defendant Rockwell is ExOne's largest stockholder, owning 19.4% of the Company's shares.

9. Defendant Paul A. Camuti has been a director of the Company since May 12, 2021.

10. Defendant John Irvin has been a director of the Company since 2013. Defendant Irvin previously served as Chief Financial Officer of ExOne from 2012 to 2013, and as Special Advisor to the Chairman from 2014 to 2015.

11. Defendant Gregory F. Pashke has been a director of the Company since 2016.

12. Defendant William F. Strome has been a director of the Company since 2015.

13. Defendant Roger W. Thiltgen has been a director of the Company since 2018.

14. Defendant Bonnie K. Wachtel has been a director of the Company since 2013.

15. Defendants Hartner, Rockwell, Camuti, Irvin, Paske, Strome, Thiltgen and Wachtel are collectively referred to herein as the "Board" or "Individual Defendants."

16. Nonparty Desktop Metal, Inc. is a Delaware corporation with its principal executive offices located at 63 3rd Avenue, Burlington, Massachusetts 01803. Desktop Metal common stock trades on NYSE under the ticker symbol "DM."

17. Nonparty Texas Merger Sub I, Inc. is a Delaware corporation and is a wholly owned subsidiary of Desktop Metal, Inc.

18. Nonparty Texas Merger Sub II, LLC is a Delaware limited liability company and is a wholly owned subsidiary of Desktop Metal, Inc.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

20. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

22. ExOne manufactures and sells 3D printing machines and products to industrial customers. The 3D printing machines build products using thin layers of materials such as silicate sands or metal, which are used to create molds and cores or complex industrial products. The Company's customers are located all over the world and include Fortune 500 companies.

23. On August 11, 2021, the Company entered into the Merger Agreement with Desktop Metal.

24. According to the press release issued that same day announcing the Proposed Transaction:

**DESKTOP METAL TO ACQUIRE EXONE, CEMENTING ITS LEADERSHIP IN ADDITIVE MANUFACTURING FOR MASS PRODUCTION**

August 11, 2021

*Acquisition Joins Two Additive Manufacturing Pioneers and Complementary Technology Platforms to Further Accelerate the Adoption of Additive Manufacturing 2.0*

BOSTON, MA and NORTH HUNTINGDON, PA – Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") and The ExOne Company (NASDAQ: XONE) ("ExOne") announced today they have entered into a definitive agreement pursuant to which Desktop Metal will acquire all of the issued and outstanding shares of ExOne common stock. Under the terms of the agreement, ExOne shareholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock, for a total consideration of $25.50 per share, representing a transaction value of $575 million, subject to a collar mechanism as described below and implying a 47.6% premium to the closing price of ExOne's common stock on August 11, 2021 and a 43.9% premium based on the 30-day average closing price of ExOne common stock. The transaction value also implies an acquisition multiple of 6.4x 2021 consensus revenue estimates for ExOne.

"We are thrilled to bring ExOne into the DM family to create the leading additive manufacturing portfolio for mass production," said Ric Fulop, Founder and CEO of Desktop Metal. "We believe this acquisition will provide customers with more choice as we leverage our complementary technologies and go-to-market efforts to drive continued growth. This transaction is a big step in delivering on our vision of accelerating the adoption of additive manufacturing 2.0."

"We are excited to join forces with Desktop Metal to deliver a more sustainable future through our shared vision of additive manufacturing at high production volumes," said John Hartner, CEO of ExOne. "We believe our complementary platforms will better serve customers, accelerate adoption of green technologies, and drive increased shareholder value. Most importantly, our technologies will help drive important innovations at meaningful production volumes that can improve the world."

More and more businesses turning to additive manufacturing expect solutions that address all of their requirements across speed, cost, resolution, and part size. The acquisition of ExOne extends Desktop Metal's product platforms with complementary solutions to create a comprehensive portfolio combining throughput, flexibility, and materials breadth while allowing customers to optimize production based on their specific application needs. By combining ExOne's direct sales force with Desktop Metal's global distribution network of over 200 channel partners, the combined company will enable broader access to additive manufacturing solutions for businesses of all sizes while delivering increased

materials innovation to provide customers with more choice and drive new application discovery.

"Today is a game-changing moment for the additive manufacturing community," said Kent Rockwell, Chairman of ExOne. "I see incredible opportunity for our customers in working with Desktop Metal and look forward to supporting this new and combined business."

**Transaction Details:**

Under the terms of the agreement, at closing, ExOne stockholders will receive total consideration of $575 million, consisting of $192 million in cash consideration and $383 million in share consideration of Desktop Metal common stock, subject to a collar mechanism on the share consideration component described below.

The share consideration component is subject to an exchange ratio adjustment if Desktop Metal's 20-day volume weighted average price (VWAP) 3 days prior to closing is between $7.94 and $9.70. If the 20-day VWAP exceeds the higher end of that range, the exchange ratio will be fixed at 1.7522 per share, and if the 20-day VWAP goes below the lower end of that range, the exchange ratio will be fixed at 2.1416 per share. The final number of Desktop Metal shares estimated to be issued on a fully diluted basis will range between approximately 39.5 million and 48.3 million shares at closing. Upon closing of the transaction, current Desktop Metal shareholders will own between 85 and 88% and current ExOne shareholders are expected to own between 12 and 15% of the combined company, respectively.

Kent Rockwell, ExOne's Chairman of the Board of Directors and largest shareholder has entered into a Support Agreement in which he will vote his 4.2 million shares in favor of the transaction.

The transaction, which has been unanimously approved by the Board of Directors of ExOne, is expected to close in the fourth quarter of 2021, subject to the approval of ExOne shareholders and satisfaction of customary closing conditions, including applicable regulatory approvals.

**B. The Materially Incomplete and Misleading S-4**

25.   On September 15, 2021, Defendants filed the S-4 with the SEC. The purpose of the S-4 is, inter alia, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the

Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

26. The S-4 discloses management-prepared financial projections for the Company which are materially misleading. The S-4 indicates that in connection with the rendering of Stifel's fairness opinion, Stifel reviewed "certain internal financial analyses and forecasts of ExOne prepared by and provided to Stifel by the management of ExOne relating to ExOne's business," as well as "certain internal financial analyses and forecasts of Desktop Metal prepared by the management of Desktop Metal provided to Stifel by the management of ExOne and certain financial projections for Desktop Metal prepared by Wall Street analysts . . . relating to Desktop Metal's business." Accordingly, the S-4 should have, but failed to, provide certain information in the projections that ExOne's management provided to the Board and Stifel.

27. Notably, the S-4 fails to disclose the projected cash flows, the line items underlying the calculation of free cash flows, and the line items underlying the calculation of Adjusted EBITDA for both ExOne and Desktop Metal. The S-4 also fails to disclose the free cash flows of the combined company and the line items underlying the calculation of those free cash flows. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Stifel's Financial Analyses*

28. With respect to the *Selected Precedent Transactions Analysis for ExOne*, the S-4 fails to disclose the value of the selected transactions.

29. With respect to the *Discounted Cash Flow Analysis for ExOne,* the S-4 fails to disclose the terminal value for ExOne, the inputs and assumptions underlying the selection of exit multiples of 3.0x to 5.0x and discount rates of 11.5% to 13.5%, and the Company's weighted

average cost of capital.

30. With respect to the *Discounted Cash Flow Analysis for Desktop Metal,* the S-4 fails to disclose the terminal value for Desktop Metal, the inputs and assumptions underlying the selection of exit multiples of 4.0x to 6.0x and discount rates of 11.5% to 17.5%, and Desktop Metal's weighted average cost of capital.

31. With respect to the *Pro Forma Combined Company Discounted Cash Flow Analysis,* the S-4 fails to disclose: (i) the illustrative terminal values of the combined company; (ii) the inputs and assumptions underlying the selection of exit multiples of 4.0x to 6.0x and discount rates of 11.5% to 17.5%; (iii) the pro forma combined net debt, ExOne's net debt and Desktop Metal's net debt; (iv) the pro forma fully diluted share count of the combined company; and (v) the weighted average cost of capital of the combined company.

***Materially Incomplete and Misleading Disclosures Concerning the Flawed Process***

32. The S-4 also fails to disclose material information concerning the sales process. Defendant Hartner and the CEO of Desktop Metal started discussing a potential transaction between the two companies in July 2020. They entered into a non-disclosure agreement on September 22, 2020, with confidentiality provisions effective as of May 1, 2020. The S-4 does not disclose the basis for having the confidentiality provisions be effective four months prior, or whether ExOne was sharing confidential information with Desktop Metal before entering into the non-disclosure agreement. The S-4 also does not disclose whether the Board was aware of discussions between ExOne and Desktop Metal between May 2020 and December 15, 2020, when the Board met and was "updated" on expressions of interest by Desktop Metal and Company X. On multiple occasions, only "certain" members of the Board were updated, such as when "certain" members of the Board were informed of a call between Defendant Rockwell and the CEO of

Company X on December 11, 2020, and when Defendants Hartner and Rockwell discussed Desktop Metal's May 6, 2021 proposal with "certain" members of the Board. The S-4 does not disclose the basis for only informing certain members of the Board and which members of the Board were informed at those times. Even only "certain" members of the transaction committee formed to oversee negotiations with Desktop Metal were updated on "status" on July 5, 2021. The S-4 does not disclose which members were updated and what was the "status."

33. The CEO of Desktop Metal and Defendant Hartner spoke again about a potential combination at the end of February 2021. Between March 5, 2021, and March 16, 2021, the two discussed terms of a proposal for Desktop Metal to acquire ExOne, including the amount of stock and cash to be offered. During that time, the Board met. However, the S-4 does not provide any details about whether the Board was informed of the forthcoming proposal by Desktop Metal, about the discussions that took place between the companies' CEOs, or if the Board approved of the CEO engaging in those discussions.

34. Two months later, on May 5, 2021, the CEO of Desktop Metal contacted Defendants Rockwell and Hartner to let them know that a non-binding proposal to acquire the Company would be submitted. The S-4 is silent as to whether there were any calls, meetings or other discussions between Defendant Hartner and the Desktop Metal CEO in the time between. The S-4 also fails to disclose who was engaged in the "further discussions and diligence" between May 5, 2021 and May 6, 2021, when Desktop Metal submitted the proposal.

35. In light of Desktop Metal's proposal, the Board established a transaction committee to "oversee and advise management" with respect to negotiations with Desktop Metal or other third parties. The S-4 does not disclose what authority the transaction committee had regarding conducting an auction process or seeking out other potential counterparties. On May 24, 2021, the

transaction committee met with representatives of Stifel to discuss the most recent proposal by Desktop Metal. The S-4 states that the Board then instructed Defendant Hartner to reach out to Company X to determine interest in a strategic transaction with ExOne. The S-4 does not disclose whether there was a Board meeting on May 24, 2021, or if the Board was informed of the transaction committee's meeting and then instructed Defendant Hartner.

36. While Defendant Hartner was authorized to reach out to Company X, the S-4 does not disclose if Defendant Hartner was authorized to demand more cash from Desktop Metal. On May 25, 2021, the day after the transaction committee met, Defendant Hartner called the Desktop Metal CEO to "inform him that Desktop Metal would need to contribute more cash to make a deal viable." The S-4 does not disclose whether the transaction committee or the Board discussed a counterproposal to Desktop Metal's proposal of May 21, 2021, nor does the S-4 disclose whether the Board authorized Defendant Hartner to make such a counterproposal.

37. The S-4 notes that ExOne entered into a non-disclosure agreement with Company X on June 4, 2021. The S-4 does not disclose whether there were any standstill provisions included in the non-disclosure agreement that prevent Company X from making an offer to acquire ExOne.

38. Two weeks after entering into the non-disclosure agreement with ExOne, Company X discussed terms of a potential offer with Defendant Hartner. The S-4 does not disclose any details about what was discussed on June 19, 2021, or whether Defendant Hartner informed the transaction committee of that discussion or details of the discussion.

39. While Company X was not provided with access to ExOne's virtual data room, "certain files and other information" from the data room were provided to Company X. The S-4 does not disclose whether projections were provided to Desktop Metal or Company X without being provided to the other.

40. The S-4 states that from October 2020 through February 2021, "ExOne explored a number of strategic investments and acquisitions aimed at increasing scale." No other information is provided about this exploration, including parties contacted, discussions about transactions, and if ExOne entered into non-disclosure agreements with any parties and whether they contained standstill provisions.

41. Towards the end of the sales process, Stifel discussed its preliminary financial analyses with the Board. These analyses were not disclosed in the S-4, specifically the preliminary financial analyses discussed with the Board on August 6, 2021, and the preliminary financial analyses reviewed with the Board on August 10, 2021.

42. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff was not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

43. In addition, the Individual Defendants knew or recklessly disregarded that the S-4 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

44. Specifically, the Individual Defendants undoubtedly reviewed the contents of the S-4 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the S-4 omits the material information referenced above and contains the incomplete and misleading information referenced above.

45. Further, the S-4 indicates that on August 11, 2021, Stifel reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to ExOne stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Stifel's financial analyses which has been omitted from the S-4, and thus knew or should have known that such information has been omitted.

46. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. Defendants have filed the S-4 with the SEC with the intention of soliciting ExOne stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the S-4, which fails to provide the material information referenced above.

49. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of ExOne, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

50. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

51. Specifically, and as detailed above, the S-4 violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of ExOne shares and the financial analyses performed by Stifel in support of its fairness opinion; and (iii) the sales process.

52. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the S-4 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the S-4 states that Stifel reviewed and discussed its financial analyses with the Board during various meetings including on August 11, 2021, and further states that the Board relied upon Stifel's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the S-4, rendering the sections of the S-4 identified above to be materially incomplete and misleading.

53. The misrepresentations and omissions in the S-4 are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from

the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

54. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of ExOne within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ExOne and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the S-4 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the S-4 and other statements alleged by Plaintiff to be misleading prior to the time the S-4 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The S-4 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed

Transaction. They were, thus, directly involved in the making of the S-4.

58. In addition, as the S-4 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The S-4 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

59. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the S-4 with the SEC or otherwise disseminating an amendment to the S-4 to ExOne stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the S-4;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 6, 2021                     **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*